**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DON CURTIS TERRILL,
            *Plaintiff-Appellant,*

v.

ELAINE L. CHAO, SECRETARY OF
LABOR, UNITED STATES
DEPARTMENT OF LABOR,
            *Defendant-Appellee.*

No. 01-1877

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-00-1488-A)

Submitted: February 25, 2002

Decided: March 11, 2002

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Kirk D. Lyons, SOUTHERN LEGAL RESOURCE CENTER, INC.,
Black Mountain, North Carolina, for Appellant. Paul J. McNulty,
United States Attorney, Steven E. Gordon, Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Don Curtis Terrill appeals the district court's order granting summary judgment to the Secretary of Labor on his national origin discrimination claims under Title VII of the Civil Rights Act of 1964. We affirm.

This court reviews de novo a district court's order granting summary judgment and construes the facts in the light most favorable to the nonmoving party. *Scheduled Airlines Traffic Offices, Inc. v. Objective, Inc.*, 180 F.3d 583, 590-91 (4th Cir. 1999). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party discharges its burden by showing there is an absence of evidence to support the nonmoving party's case, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the nonmoving party must come forward with specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Terrill asserts that participation in his employer's "Diversity Day" as a cultural exhibitor was a benefit of his employment that he was denied due to his national origin as a "Confederate-American." We agree with the district court that Terrill failed to establish a prima facie case of discrimination based on national origin.

In order to establish a prima facie case of employment discrimination, Terrill must show that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) at the time of the adverse action he was performing to his employer's expectations; and

(4) other similarly situated employees who are not members of the protected class did not suffer the same adverse action. *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999). Terrill fails to establish that he is either a member of a protected class or that he suffered an adverse employment action.

Accordingly, we affirm the district court's order based on its reasoning as stated from the bench at its summary judgment hearing. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*